FILED

NOV 17 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 16 CR 361 |
| ) | |
| v. ) | Violations: Title 18, United |
| ) | States Code, Sections 1956(h) |
| MICHAEL JENNINGS and ) | and 1957 and Title 21, United |
| WILLIAM MIKAITIS ) | States Code, Sections 333(a)(2), |
| ) | 841(a) and 846 |
| ) | |

JUDGE KENDALL

Superseding Indictment

MAGISTRATE JUDGE MASON

COUNT ONE

The SPECIAL AUGUST 2015 GRAND JURY charges:

1. At times material to this Indictment:

    a. Results Weight Loss Center was a business located in Lombard, Illinois.

    b. MICHAEL JENNINGS owned and managed Results Weight Loss Center.

    c. WILLIAM MIKAITIS was a physician licensed to practice medicine in the State of Illinois.

    d. Benzphentermine and Phendimetrazine were Schedule III Controlled Substances intended for use in the treatment of obesity.

    e. Phentermine was a Schedule IV Controlled Substance intended for use in the treatment of obesity.

    f. Title 21 C.F.R. 1306.04(a) provided that in order for a prescription for a controlled substance to be effective it had to be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances was upon the prescribing practitioner.

    g. Title 21 C.F.R. 1300.01(b) defined an individual practitioner as "a physician, dentist, veterinarian, or other individual licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which he/she practices, to dispense a controlled substance in the course of professional practice."

    2. Beginning no later than January 2013 and continuing until on or about January 22, 2015, at Lombard in the Northern District of Illinois, and elsewhere,

MICHAL JENNINGS and
WILLIAM MIKAITIS

defendants herein, did conspire with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute controlled substance, namely, a quantity of a mixture and substance containing Benzphentermine and Phendimetrazine, Schedule III Controlled Substances; and a quantity of a mixture and substance containing Phentermine, a Schedule IV Controlled Substance, outside of the usual course of professional practice and without a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

3. It was part of the conspiracy that MICHAEL JENNINGS sought the services of an individual medical practitioner to provide a Drug Enforcement Administration Registration number for Results Weight Loss Center and WILLIAM MIKAITIS agreed to obtain that DEA registration number for Results Weight Loss Center.

4. It was further part of the conspiracy that JENNINGS agreed to make cash payments to MIKAITIS in return for the use of MIKAITIS' DEA registration number to order and dispense controlled substances at Results Weight loss Center.

5. It was further part of the conspiracy that MIKAITIS gave JENNINGS a credit card number to pay for controlled substances that JENNINGS ordered from pharmaceutical suppliers.

6. It was further part of the conspiracy that JENNINGS ordered hundreds of thousands of dosage units of Phendimetrazine and Phentermine, among other drugs, with MIKAITIS' DEA number from pharmaceutical suppliers for delivery to Results Weight Loss Center.

7. It was further part of the conspiracy that MIKAITIS, a physician with a full-time medical practice in Lockport, IL, was rarely present at Results Weight Loss Center.

8. It was further part of the conspiracy, that JENNINGS, who was not a medical practitioner and who had no prior medical training or experience, dispensed controlled substances at Results Weight Loss Center, and elsewhere, outside of

MIKAITIS' presence and without conducting meaningful physical examinations or performing any medical tests.

9. It was further part of the conspiracy that JENNINGS made, and caused to be made, cash deposits to MIKAITIS' bank account to pay MIKAITIS for the use of his DEA number to order and dispense controlled substances and to reimburse MIKAITIS for controlled substances ordered on MIKAITIS' credit card.

10. It was further part of the conspiracy that JENNINGS identified himself as "Dr. Mikaitis" to patients at the Results Weight Loss Center.

11. It was further part of the conspiracy that JENNINGS and Individual A shipped controlled substances by commercial carrier to individuals who telephoned Results Weight Loss Center for drugs.

12. It was further part of the conspiracy that JENNINGS and MIKAITIS misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes and acts done in furtherance of the conspiracy;

All in violation of Title 21, United States Code, Section 846.

## COUNTS TWO - EIGHT

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraph 1 of Count One of this Indictment is incorporated here.

2. On or about the dates set forth below, at Lombard, in the Northern District of Illinois,

MICHAL JENNINGS and
WILLIAM MIKAITIS,

defendants herein, did knowingly and intentionally distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of the controlled substance listed below, outside of the usual course of professional practice and without a legitimate medical purpose:

| Count | Date | Controlled Substance |
|---|---|---|
| 2 | 7/23/2013 | Schedule IV Phentermine |
| 3 | 9/18/2013 to JV | Schedule IV Phentermine |
| 4 | 9/18/2013 to EF | Schedule IV Phentermine |
| 5 | 1/16/2014 | Schedule IV Phentermine |
| 6 | 4/18/2014 | Schedule IV Phentermine |
| 7 | 11/7/2014 | Schedule IV Phentermine |
| 8 | 1/9/2015 | Schedule III Benzphentermine |

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNTS NINE - FIFTEEN

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraph 1 of Count One of this Indictment is incorporated here.

2. At times material to this Indictment:

   a. The prescription drugs Benzphentermine and Phentermine, Schedule III and Schedule IV Controlled Substances respectively, were prescription drugs held for sale following their shipment in interstate commerce.

   b. The United States Food and Drug Administration was the federal agency charged with the responsibility of protecting the health and safety of the American public by enforcing the Federal Food, Drug, and Cosmetic Act (the "FDCA.") One purpose of the FDCA was to ensure that drugs sold for use by humans were safe, effective, and bore labeling containing only true and accurate information. The FDA's responsibilities under the FDCA included regulating the manufacture, labeling, and distribution of all drugs, including prescription drugs, and drug components shipped or received in interstate commerce.

   c. Under the FDCA, the term "drug" included articles that: (1) were intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man; or (2) were intended to affect the structure or any function of the body of man.

d.  Pursuant to the FDCA, some drugs intended for use by humans could be dispensed only upon the valid prescription of a practitioner licensed by law to administer such drugs. Such drugs were known as "prescription drugs." Prescription drugs were those drugs which, because of their toxicity and other potential harmful effects, were not safe for use except under the supervision of a practitioner licensed by law to administer such drugs. A drug was also a prescription drug if the FDA required it to be administered under the supervision of a practitioner licensed by law to administer such drug as a condition of the FDA's approval of the drug.

e.  Under the FDCA, dispensing a prescription drug without a valid prescription by a licensed practitioner was deemed to be an act that resulted in the drug being misbranded while held for sale. The FDCA prohibited doing any act that caused a drug to be misbranded while held for sale after shipment in interstate commerce.

3.  On or about the dates set forth below, at Lombard, in the Northern District of Illinois, Eastern Division,

> MICHAL JENNINGS and
> WILLIAM MIKAITIS,

defendants herein, did with intent to defraud or mislead, dispense and cause to be dispensed quantities of the following prescription drugs, without a valid prescription, an act that resulted in the drugs being misbranded while held for sale after shipment in interstate commerce:

7

| Count | Date | Misbranded Drug |
|---|---|---|
| 9 | 7/23/2013 | Phentermine |
| 10 | 9/18/2013 to JV | Phentermine |
| 11 | 9/18/2013 to EF | Phentermine |
| 12 | 1/16/2014 | Phentermine |
| 13 | 4/18/2014 | Phentermine |
| 14 | 11/7/2014 | Phentermine |
| 15 | 1/9/2015 | Benzphentermine |

In violation of Title 21, United States Code, Sections 353(b)(1), 331(k), and 333(a)(2) and Title 18, United States Code, Section 2.

## COUNT SIXTEEN

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1.      Count One of this Indictment is incorporated here.

2.      Beginning no later than January 2013 and continuing until on or about January 22, 2015, at Lombard in the Northern District of Illinois, and elsewhere,

MICHAL JENNINGS and
WILLIAM MIKAITIS,

defendants herein, did conspire with each other and with others known and unknown to the grand jury, to knowingly conduct and attempt to conduct a financial transaction in or affecting interstate commerce involving proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

3       It was part of the conspiracy that MIKAITIS obtained a DEA registration number for JENNINGS' use at Results Weight Loss Center.

4.      It was further part of the conspiracy that JENNINGS ordered controlled substances from pharmaceutical companies with MIKAITIS' DEA registration number and paid for the drugs with MIKAITIS' credit card.

5.      It was further part of the conspiracy that JENNINGS dispensed controlled substances obtained with MIKAITIS' DEA registration number outside of MIKAITIS' presence at Results Weight Loss Center.

6. It was further part of the conspiracy that MIKAITIS directed JENNINGS to reimburse him for the cost of the controlled substances by making cash deposits to MIKAITIS' joint account with Individual B at the Chase Bank.

7. It was further part of the conspiracy that JENNINGS used proceeds from the sale of controlled substances at Results Weight Loss Center to reimburse MIKAITIS for the cost of the controlled substances by making cash deposits to MIKAITIS' joint account with Individual B at the Chase Bank.

8. It was further part of the conspiracy that, between approximately February 2013 and January 22, 2015, JENNINGS deposited and caused to be deposited approximately $75,000 in cash to MIKAITIS' bank account to pay for controlled substances.

All in violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT SEVENTEEN

The SPECIAL AUGUST 2015 GRAND JURY further charges:

On or about August 18, 2014, in the Northern District of Illinois, Eastern Division,

### WILLIAM MIKAITIS,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction in or affecting interstate commerce and involving criminally derived property of a value greater than $10,000, in that defendant caused cashier's check # 9446712219 to be drawn at the Chase Bank and payable to a suburban car dealership in the amount of $12,000, such property having been derived from a specified unlawful activity, namely, the felonious receiving, buying, selling or otherwise dealing in a controlled substance, in violation of Title 21, United States Code, Sections, 841(a) and 846;

In violation of Title 18, United States Code, Section 1957(a)

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2015 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 21, United States Code, Section 846, as set forth in this Indictment, defendants MICHAEL JENNINGS and WILLIAM MIKAITIS shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained, directly and indirectly, as a result of the offense; and any property used, and intended to be used, in any manner and part, to commit and facilitate commission of the offense, as provided in Title 21, United States Code, Sections 853(a).

2. The property to be forfeited includes, but is not limited to a personal money judgment in the amount of approximately $790,000.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY